### UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF NEW HAMPSHIRE

<u>IMS Health Incorporated and
Verispan, LLC</u>

    v.                                                    Civil No. 06-cv-280-PB

<u>New Hampshire Attorney General</u>

### **O R D E R**

Defendant moves to quash a subpoena <u>duces</u> <u>tecum</u> served by plaintiffs on Eli Lilly and Company for past employment records of a witness retained by defendant. Plaintiffs object.

<u>Background</u>

Plaintiffs filed a complaint challenging the constitutionality of N.H. Rev. Stat. Ann. §§ 318:47-f, 318:47-g and 318-B:12, IV and a motion for preliminary injunction to prevent its enforcement. These statutory provisions ban the licensing, sale, transfer or use of prescriber-identifiable information for certain commercial purposes.

Defendant disclosed Shahram Ahari, an ex-Eli Lilly sales representative, as a witness who would testify as to how he and others used prescriber-identifiable data in their sales promotion of prescription drugs. Plaintiffs' counsel served a subpoena <u>duces</u> <u>tecum</u> on Laura Stemle of Lilly Corporate Center,

Indianapolis, Indiana commanding inspection of Lilly's employment records relating to Mr. Ahari, the inspection being called for at counsel's office in Miami, Florida.

## Discussion

In its objection to the motion plaintiffs set out exactly two sentences to describe the evidence in the subpoenaed employment records which might be "reasonably calculated to lead to the discovery of admissible evidence" as required by Fed. R. Civ. P. 26(b)(1).  These sentences are:

   Document no. 77

1. page 5.  "Rather than taking Mr. Ahari's testimony at face value, the plaintiffs are trying to investigate the truthfulness of Mr. Ahari's testimony on critical issues, such as whether and when he actually worked at Eli Lilly, the degree of training that he received as a sales representative, Mr. Ahari's claimed use of prescriber-identifiable data, and the facts surrounding Mr. Ahari's claimed decision to resign from Eli Lilly after less then (sic) two years on the job."

2. page 12.  "The records may reveal that the witness has not been truthful concerning the nature of his employment by Eli Lilly, his utilization of prescriber-identifiable data as a sales representative for Eli Lilly, or the reasons for his departure for Eli Lilly".

Unless Eli Lilly employees have been disclosing information

from Ahari's personnel file to plaintiffs' counsel on the "q.t." counsel has no idea what the subpoena will produce.  Counsel is on a "fishing expedition" or is combining with Eli Lilly to attempt to embarrass Mr. Ahari.  The rationale is thin.  The court would be surprised if the personnel file contains anything about use of prescriber-identifiable data.  The dates of employment are hardly the stuff of scintillating cross-examination.  Whether Ahari worked for Eli Lilly or whether he was fired instead of resigning could, however, potentially be of use on cross, although they do not relate to critical issues in the case as plaintiffs claim.  The tone of the deposition combined with the sparseness of the justification for the discovery causes me to be cautious.  Further, the personnel file may contain confidential medical or other material and there is no indication that Mr. Ahari, who might have grounds to seek to quash the subpoena, has been notified.

    Defendant, on the other hand, has no standing to object to the subpoena. See Wright & Miller, Federal Practice and Procedure: § 2459 (2d ed. 1994); Moore's Federal Practice, § 45.04[2] (3d ed. 2006).  The motion is denied except that to limit the risk of abuse of subpoena, defense counsel is to

forward unopened and under seal the subpoenaed personnel file to me for an <u>in</u> <u>camera</u> review and to notify Mr. Ahari of the subpoena and of his right to object to the production.

**SO ORDERED.**

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date: January 5, 2007

cc:   Counsel of record